UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CASSANDRA McGUIRE,<br><br>    Plaintiff,<br><br>v.<br><br>HIGHMARK HOLDINGS, et al.,<br><br>    Defendants. | Case No. 3:19-cv-00902<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

**MEMORANDUM ORDER**

Before the Court in this civil rights action are Defendant Enfield Management's motion for a more definite statement (Doc. No. 14) and Defendants Highmark Holdings, Robbie King, and Glynda Shamwell's motion to join that motion (Doc. No. 17). Enfield Management asks the Court to order pro se and *in forma pauperis* Plaintiff Cassandra McGuire to file an amended complaint that "set[s] forth her actual causes of action, specific averments of facts in appropriately numbered paragraphs[,] and specific citations to any particular statute, regulation or ordinance [she] intends to claim in this matter[.]" (Doc. No. 15, PageID# 162.) McGuire has responded to Enfield Management's motion for a more definite statement and attempted to provide additional details regarding the facts and law underlying her claims. (Doc. No. 16.) She has also filed two motions, one regarding the records she submitted to the Court with her complaint and providing additional details about her claims for damages (Doc. No. 22) and another seeking to compel a response from the defendants (Doc. No. 23). For the reasons that follow, Enfield Management's motion for a more definite statement and Highmark Holdings, King, and Shamwell's motion to join that motion will be granted, McGuire will be afforded an opportunity to file an amended complaint, and McGuire's further motions will be denied.

## I.    Relevant Background

McGuire initiated this action on October 11, 2019, by filing a complaint and an application

for leave to proceed *in forma pauperis*. (Doc. Nos. 1, 2.) The complaint, which names Highmark

Holdings, Enfield Management, King, and Shamwell as defendants, consists of a template civil

complaint form accompanied by eighty pages of attachments, including, among other things,

records from proceedings before the Tennessee Human Rights Commission. (Doc. No. 1.) A

section of the complaint form regarding "the specific federal statutes, federal treaties, and/or

provisions of the United States Constitution that are at issue in this case" states: "civil rights

violations, housing discrimination, harassment, retaliation, wrongful termination, whistle

blowing[,] see attached sheets[.]" (*Id.* at PageID# 3.) A section of the form entitled "[s]tatement

of claim" states: "see attached pages." (*Id.* at PageID# 4.) McGuire filed additional exhibits and

documents on October 16, 2019, and November 5, 2019. (Doc. Nos. 4–6.)

On December 16, 2019, the Court granted McGuire's application to proceed *in forma*

*pauperis* and screened the complaint under 28 U.S.C. § 1915(e)(2). (Doc. No. 7.) Broadly

construing the attachments to the complaint, the Court found that McGuire had stated colorable

claims for retaliation in violation of the Fair Housing Act (FHA), 42 U.S.C. § 3617, and the

Tennessee Human Rights Act (THRA), Tenn. Code Ann. § 4-21-301(a)(1), and referred these two

claims "to the Magistrate Judge for further development." (*Id.* at PageID# 128.) The Court

dismissed all other claims in the complaint. (Doc. No. 7.)

McGuire filed a motion for reconsideration, asking the Court to review additional

allegations included in her motion "and reconsider allowing all [of her] claims to be heard." (Doc.

No. 9, PageID# 132.) The Court denied McGuire's motion for reconsideration, finding that

"[w]hat [McGuire] actually seeks to do through the pending motion . . . is amend the Complaint

to cure the perceived deficiencies that led to dismissal of some of her potential claims." (Doc.

2

No. 19, PageID# 188.) The Court further found that, because this action is referred to the Magistrate Judge for case management, "[w]hether [McGuire] may file an amended [c]omplaint, and if so, how she may go about it, is a matter best reserved for the Magistrate Judge . . . ." (*Id.* at PageID# 189.)

Meanwhile, on January 29, 2020, Enfield Management file a motion for a more definite statement under Federal Rule of Civil Procedure 12(e) (Doc. No. 14), arguing that the complaint does not comply with Rules 8(a) and 10(b) because:

> there are no numbered paragraphs containing discrete circumstances or factual allegations, no mention of precisely who, what, or when any of the particulars forming the alleged basis for plaintiff's claims purportedly transpired, or even which Defendant or Defendants are allegedly responsible for any particular claim or assertion, no specific statutory or regulatory citations allegedly violated beyond general references to entire acts, much less any factual basis to support any claim that Defendant violated any particular legal duty or obligation, etc.

(Doc. No. 15, PageID# 161–62.) Enfield Management requests that the Court order McGuire to file an amended complaint that "set[s] forth her actual causes of action, specific averments of facts in appropriately numbered paragraphs[,] and specific citations to any particular statute, regulation or ordinance [McGuire] intends to [rely on] in this matter . . . ." (*Id.* at PageID# 162.) McGuire filed a response on February 10, 2020. (Doc. No. 16.) She states that, while "[t]here is no need to explain [herself] over, and over, and over, because it is, and was useless[,]" she "will go the extra mile and type" numbered paragraphs. (*Id.* at PageID# 165.) McGuire then provides thirteen pages of numbered and lettered paragraphs listing specific statutes, setting forth facts in support of her claims, and describing her requested relief. (Doc. No. 16.) Highmark Holdings, King, and Shamwell filed a notice of joinder in Enfield Management's motion that was docketed as a motion. (Doc. No. 17.)

On March 12, 2020, McGuire filed a document entitled "motion to request the clarity of courts decision concerning denial of civil issues, electronic filings, reconsideration, and immediate

relief[.]" (Doc. No. 22.) Liberally construed, the motion: (1) asks the Court to clarify why the Clerk's Office accepted McGuire's exhibits to her complaint for filing if they were not proper; (2) provides an explanation of how McGuire calculated her requested damages; (3) argues that there is no justification for allowing only her retaliation claims to proceed; (4) asks the Court to appoint an attorney for her; and (5) asks the Court to "please open the 80 pages [included with her complaint] and read the 80 pages" because "it explains itself, the exhibits, the statutes, and the issues that are in question." (*Id.* at PageID# 203.) On April 2, 2020, McGuire filed a document entitled "motion to compel immediate response and relief[.]" (Doc. No. 23, PageID# 206.) The motion seeks to compel the defendants to provide "an immediate answer to" her claims. (*Id.* at PageID# 207.) The defendants have not responded to either of McGuire's motions.

## II.      Legal Standard

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Federal courts generally disfavor motions for more definite statements" and "rarely grant such motions" "[i]n view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery . . . ." *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007); *see also McClanahan v. Medicredit, Inc.*, No. 3:19-cv-00163, 2019 WL 1755504, at *1 (M.D. Tenn. Apr. 19, 2019) (same). However, a motion under Rule 12(e) may be granted where the complaint fails to meet the pleading requirements of Rule 8(a)(2). *See Acosta v. Peregrino*, No. 3:17-cv-01381, 2018 WL 2045938, at *1 (M.D. Tenn. May 2, 2018); *Hilska v. Jones*, 217 F.R.D. 16, 22 (D.D.C. 2003) ("Mindful that all litigants are entitled to proper notice pleading under Rule 8(a), . . . the court will grant relief pursuant to Rule 12(e) where the pleading is 'so vague or ambiguous that a party cannot reasonably be required to frame a response.'" (alteration in original) (quoting Fed. R. Civ. P. 12(e))).

4

Rule 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). Where, as here, litigants appear pro se, their filings must be liberally construed and "'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Sixth Circuit has explained that there are limits to liberal construction. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Pro se litigants must still comply with the requirements of the Federal Rules of Civil Procedure, *see id.*, and courts reviewing pro se pleadings "are not required to conjure up unpleaded allegations or guess at the nature of an argument[,]" *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells*, 891 F.2d at 594).

III.    **Discussion**

A.    **Enfield Management's Motion for A More Definite Statement and Highmark Holdings, Robbie King, and Glynda Shamwell's Motion for Joinder**

McGuire's response to the motion for a more definite statement is not a response in opposition; rather, like her motion for reconsideration, it is best characterized as an attempt to amend her complaint, which is precisely the relief that the motion for a more definite statement seeks. (Doc. Nos. 15, 16.) Consequently, Highmark Holdings, King, and Shamwell's motion to join and Enfield Management's motion for a more definite statement will be granted. McGuire will be given an opportunity to file an amended complaint that sets forth all of her claims for relief against each defendant, including the facts supporting each claim, and complies with the Federal

Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Middle District of Tennessee.[1] McGuire is advised that she may not rely solely on exhibits to state her claims. While the Court is obligated to liberally construe any documents a pro se plaintiff files, it remains the plaintiff's responsibility, and not the Court's, "to sift through [her] various grievances and both to decide, and plead with some level of specificity, what claims [she] intends to assert against what defendants, and to give any defendant named in the complaint fair notice of why [they are] being sued." *Mobley v. Warden London Corr. Inst.*, No. 2:09-cv-638, 2010 WL 518033, at *1 (S.D. Ohio Feb. 1, 2010).

### B.      McGuire's Motion for Clarity and Motion to Compel

Buried in McGuire's motion for clarity is a request that the Court appoint counsel to represent her in this action. (Doc. No. 22.) In civil actions, unlike criminal proceedings, there is no constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right." (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985))); *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), for the proposition that "there is no constitutional right to an appointed counsel in a civil action"). District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be exceptional circumstances justifying such an appointment. *See Lavado*, 922 F.2d at 606 (quoting *Wahl*, 773 F.2d at 1174); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (interpreting then § 1915(d)). To determine whether exceptional circumstances exist, "a district court considers the type of case, the ability of the pro se litigant to

---

[1]      The Federal Rules of Civil Procedure are available at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure. This Court's Local Rules are available at https://www.tnmd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

represent himself or herself, and the nature of the factual and legal issues involved." *Hollis*, 2018 WL 3572391, at *2. McGuire has not offered any facts or argument to suggest that exceptional circumstances exist here to justify appointment of counsel.

Indeed, McGuire's motions for clarity and to compel each ask for certain relief but do not provide any facts or legal authority to show why that relief is appropriate. (Doc. Nos. 22, 23.) Because the Court cannot grant a motion without a factual and legal basis to do so, these motions will be denied. Moreover, to the extent McGuire's motion for clarity asks the Court to consider all of the claims in her original complaint, McGuire will have the opportunity to reassert those claims in her amended complaint with proper factual support.

## IV.    Conclusion

For these reasons, Enfield Management's motion for a more definite statement (Doc. No. 14) and Highmark Holdings, King, and Shamwell's motion to join that motion (Doc. No. 17) are GRANTED. McGuire is hereby ORDERED to file an amended complaint by July 17, 2020, that sets forth all of her claims for relief against each defendant, including the facts supporting each claim, and complies with the Federal Rules of Civil Procedure and this Court's Local Rules.

It is further ORDERED that McGuire's motion for clarity (Doc. No. 22) and motion to compel (Doc. No. 23) are DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

7