UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CASSANDRA McGUIRE,<br><br>    Plaintiff,<br><br>v.<br><br>HIGHMARK HOLDINGS et al.,<br><br>    Defendants. | Case No. 3:19-cv-00902<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This Order addresses pro se Plaintiff Cassandra McGuire's motions to amend her complaint (Doc. Nos. 28, 29) and motion for entry of default judgment (Doc. No. 37). For the reasons that follow, McGuire's second motion to amend (Doc. No. 29) will be granted, her first motion to amend will be found moot (Doc. No. 28), and her motion for entry of default judgment (Doc. No. 37) will be administratively terminated.

**I.    Motions to Amend**

On September 23, 2020, the Court ordered McGuire to clarify whether her pending motions to amend (Doc. Nos. 28, 29) "are requesting permission to file a second amended complaint or, in the alternative, if she intends to proceed with the filing entered at Docket Entry 26 as the operative pleading." (Doc. No. 32, PageID# 257.) On September 25, McGuire filed a notice stating that "Doc 29 is the signed Amended Complaint."[1] (Doc. No. 35, PageID# 262.) Defendants High Mark

---

[1]    McGuire initially filed a notice on September 23, 2020, stating that "[s]he would like to proceed with Doc 26, which is a signed copy of the Amended Complaint" (Doc. No. 33, PageID# 259); however, McGuire's second notice explains that the amended complaint with which she wishes to proceed "was not Doc 26, it is actually Doc 29" (Doc. No. 35, PageID# 262).

Holdings, Enfield Management, Robbie King, and Glynda Shamwell have not responded in opposition to McGuire's notice.

McGuire's motion to amend (Doc. No. 29) is therefore GRANTED as unopposed, and Docket Entry 29 is CONSTRUED as McGuire's second amended complaint. McGuire's first motion to amend (Doc. No. 28) is DENIED AS MOOT.

## II. Motion for Default Judgment

On October 9, 2020, McGuire filed a motion requesting entry of default judgment against the defendants "in accordance with the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure[.]" (Doc. No. 37, PageID# 265.) The Court finds that McGuire's motion is premature. Rule 55(a) requires the clerk of court to enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). After entry of default under Rule 55(a), a party may seek entry of default judgment under Rule 55(b)(1) or (b)(2). Fed. R. Civ. P. 55(b)(1)–(2); *see also Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012) (holding that "it was procedurally improper for Plaintiff to move for entry of default judgment without first obtaining an entry of default from the clerk"); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (4th ed. updated Oct. 2020) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). The docket in this action shows that McGuire has not requested entry of default under Rule 55(a) and no such default has been entered.

Accordingly, the Clerk of Court is DIRECTED TO ADMINISTRATIVELY TERMINATE McGuire's motion for default judgment (Doc. No. 37).

Because what McGuire filed as a motion is, in fact, her second amended complaint, the Clerk's Office is DIRECTED to docket the motion filed at Docket Entry 29 as the second amended complaint. This document is the operative pleading in the action.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge