IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CASSANDRA MCGUIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:19-cv-00902 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| HIGHMARK HOLDINGS et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 52, "R&R"). The Report and Recommendation was in response to Defendants Highmark Holdings, Enfield Management, Robbie King, and Glynda Shamwell's Motion to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings. (Doc. No. 41, "Defendants' Motion"). Defendants' Motion sought dismissal of Plaintiff Cassandra McGuire's Complaint (Doc. No. 1), as supplemented by Plaintiff's Second Amended Complaint (Doc. No. 29,[1] under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, judgment on the pleadings under Federal Rule of Civil Procedure 12(c), based on a purported failure to state a claim upon which relief can be granted. Specifically, Defendants' Motion was aimed at Plaintiff's claims of retaliation under the Fair Housing Act ("FHA"), 42 U.S.C. § 3617, and the Tennessee Human Rights Act, Tenn. Code Ann.

---

[1] As noted by the Magistrate Judge, (Doc. No. 52 at 2 n.2), although an amended pleading generally supersedes an original pleading in its entirety, Plaintiff clearly indicated her intent that Docket Entry 29 (construed by the Magistrate Judge as Plaintiff's "Second Amended Complaint") supplement rather than supersede her original complaint. (See Doc. No. 29 at 2, ¶ 2). And so the Court, affording some leniency to Plaintiff (not prejudicial to Defendants as to procedural matters, construes her current operative complaint ("Plaintiff's Complaint") as comprising her original complaint (Doc. No. 1) and Second Amended Complaint (but not her "Amended Complaint" (Doc. No. 26)).

1

("THRA"), § 4-21-301(a)(1); as noted in the R&R, (Doc. No. 52 at 14), Defendant's Motion did not specifically address Plaintiff's claim of retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, responded in opposition to the Motion. (Doc. No. 44). Defendants thereafter replied. (Doc. No. 46).

The Magistrate Judge thereafter issued the R&R, which recommended that Defendants' Motion be denied (such that Plaintiff's retaliation claims under the FHA and THRA could proceed) but that her Title VII retaliation claim be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Plaintiff objected to the R&R (Doc. No. 53, "Objection").[2] Defendants did not respond to Plaintiff's Objection or file objections of their own.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objection, and the file. For the reasons set forth below, the Objection is overruled, and the Report and Recommendation is adopted and approved.

**STANDARD OF REVIEW**

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of

---

[2] Plaintiff subsequently filed a document entitled "AMENDED OPPOSITION FOR FINDINGS and RECOMMENDATIONS" (Doc. No. 54). This document states in its introductory paragraph: "This complaint is an amended complaint not to replace the original, OPPOSITION FOR FINDINGS AND RECOMMENDATIONS, only to update the courts on formatting issues; the claims have been stated numerous times, and the information has not been changed in any way." (Doc. No. 54 at 2). As Plaintiff indicates, despite its title's reference to her "[o]pposition to [r]ecommendations," this document provides no additional substance in opposition to the Report and Recommendation; rather, it aims to rectify perceived formatting concerns. For this reason, the Court considers Plaintiff's Objection (Doc. No. 53) to comprise the entirety of her objection(s) to the Report and Recommendation.

the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.[3] Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2 (internal citations and quotation marks omitted). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881

---

[3] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. Also, a separately filed supporting memorandum of law must accompany the objections. Local Rule 72.02(a). Plaintiff did not comply with these local rules in filing her Objection.

(W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

## DISCUSSION

Any objection by Plaintiff to the R&R naturally would and should be geared only to the portion of it that goes against her, *i.e.*, the recommendation that her Title VII retaliation claim be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). But Plaintiff's Objection fails to specifically address the basis for that recommendation by the Magistrate Judge. Instead, Plaintiff's Objection restates the facts presented in Plaintiff's Complaint, cites miscellaneous statutes and federal rules, and makes general statements indicating that she believes she has a valid claim despite any formatting issues with her prior filings. (Doc No. 53). Plaintiff makes no reference in her Objection to any particular finding or conclusion contained in the R&R, including the sole particular recommendation that is not in her favor. The Court will grant *pro se* litigants some leniency, but even a good deal of leniency here would not be enough for Plaintiff, because she has completely failed to state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made—let alone explain why any objection to such portion should be sustained.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, Plaintiff's Objection, and the file. Because Plaintiff's response does not identify with particularity the specific portions of the R&R to which objections are made, it fails to meet the requirements of Fed. R. Civ. P. 72 and Local Rule 72.02. Among other things, Plaintiff's Objection fails to indicate which portions of the R&R, if any, with which she disagrees and where the R&R's analysis went wrong.

Plaintiff's purported objections are overruled, and the R&R is adopted and approved.

## CONCLUSION

For the reasons discussed herein, the Court adopts the Magistrate Judge's Report and Recommendation. (Doc. No. 52). Defendants' Motion to Dismiss (Doc. No. 41) is **DENIED**, and so Plaintiff's FHA and THRA claims remain pending, while Plaintiff's Title VII retaliation claims are **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE