UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CASSANDRA MCGUIRE | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) Case No. 3:19-cv-00902 |
| v. | ) |
| | ) Chief Judge Eli J. Richardson |
| HIGHMARK HOLDINGS/ENFIELD | ) Magistrate Judge Alistair Newbern |
| MANAGEMENT, ROBBIE KING and | ) |
| GLYNDA SHAMWELL, | ) |
| | ) |
|    Defendants | ) |

## ORDER DENYING MOTION FOR ENTRY OF DEFAULT

Pending are Plaintiff Cassandra McGuire's second and third Requests for Entry of Default against Defendants Enfield Management, Highmark Holdings, Glynda Shamwell, and Robbie King. (Doc. Nos. 75 and 82)[1]. For the following reasons, Plaintiff's Requests are **DENIED**.

### I. Relevant Procedural History

Plaintiff filed her Complaint against Defendants on October 11, 2019. (Doc. No. 1). Counsel for Defendant Enfield Management entered an appearance and filed a Motion for More Definite Statement on January 29, 2020. (Doc. Nos. 12-15). On February 11, 2020, counsel for the remaining Defendants joined Defendant Enfield Management's pending Motion for More Definite Statement (Doc. No. 17). The Court granted Defendants' Motion on June 26, 2020, and ordered Plaintiff to amend her Complaint by July 17, 2020. (Doc. No. 24). Plaintiff filed an Amended Complaint on July 13, 2020. (Doc. No. 26). Plaintiff next filed a Motion to Amend Complaint on

---

[1] Plaintiff also filed an Amended Request for Entry of Default, however, Plaintiff states that the document "does not take primary but it does include supporting statements to her claims regarding default." (Doc. No. 74 at Page ID# 563). As a result, the Clerk will construe the Amended Request as a supplement to the Request filed at Doc. No. 75, instead of an amended motion.

September 8, 2020. (Doc. Nos. 29). Defendants filed an answer to the first Amended Complaint on September 22, 2020 (Doc. No. 30). On October 26, 2020, the Court directed the Clerk to docket Plaintiff's Motion to Amend filed at Docket Entry 29 as Plaintiff's Second Amended Complaint and noted that this document is the operative pleading in the action. (Doc. No. 39). Three days later, on October 29, 2020, Plaintiff filed a Motion for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 40 at PageID# 273). On November 2, 2020, Defendants filed a Motion to Dismiss, or in the alternative, Motion for Judgment on the Pleadings. (Doc. No. 41). Defendants also filed an answer to the Second Amended Complaint. (Doc. No. 42). On November 17, 2020, the Clerk entered an Order denying Plaintiff's Motion for Entry of Default Judgment. (Doc. No. 50).

On September 15, 2021, Plaintiff filed another amended Complaint. (Doc. No. 62). Defendants filed an answer to the amended Complaint on November 16, 2021. (Doc. No. 65). Plaintiff filed a second Request for Entry of Default and corresponding amendment in January 2022. (Doc. Nos. 74 and 75). Plaintiff filed the third Request for Entry of Default on January 26, 2022. (Doc. No. 82). Defendants filed motions to strike Plaintiff's pending Requests on January 26, 2022, and February 11, 2022, respectively. (Doc. Nos. 80 and 84).

**II.     Analysis**

Federal Rule of Civil Procedure 55(a) requires the Clerk to enter a party's default, when a party fails "to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). When a party has expressed a clear intent to defend an action, however, entry of default is inappropriate. The crux of Plaintiff's arguments in favor of entry of default is not that Defendants have failed to plead or otherwise defend, instead its that Defendants have filed "general denial[s] without evidence." (Doc. No. 75 at PageID #571, and Doc. No. 82 at PageID # 669). Yet, Rule 55(a) does not require a party to produce evidence in defense of a plaintiff's claims to avoid entry of default. Defendant must simply "plead or otherwise defend." Fed. R. Civ. P. 55(a).

When evaluating the content of a pleading, Federal Rule of Civil Procedure 8(b) governs. A party responding to a pleading, including complaints, must "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it." Fed. R. Civ. P. 8(b)(1)(A) and (B). Further, a "party that intends in good faith to deny all the allegations of pleading . . . may do so by a general denial." Fed. Rule Civ. P. 8(b)(3). While a denial "must fairly respond to the substance" of an allegation, a defendant is not required to provide evidence supporting its denial. Fed. R. Civ. P. Fed. R. Civ. P. 8(b)(2). In addition to filing responsive pleadings, Defendants have filed and defended multiple motions. As a result, the Clerk finds that Defendants have shown their clear intent to defend this action rendering entry of default inappropriate. Plaintiff's second and third Requests for Entry of Default (Doc. Nos. 75 and 82) are **DENIED**.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court