UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CASSANDRA McGUIRE,<br><br>    Plaintiff,<br><br>v.<br><br>HIGHMARK HOLDINGS et al.,<br><br>    Defendants. | Case No. 3:19-cv-00902<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Several motions and filings are now pending in this employment discrimination action, including pro se Plaintiff Cassandra McGuire's application for leave to proceed *in forma pauperis* (IFP) on appeal (Doc. No. 63); McGuire's proposed third amended complaint (Doc. No. 62); McGuire's motion for an extension of time to respond to discovery requests (Doc. No. 72); McGuire's "Motion for Frivolous Defense" (Doc. No. 66), "Amended Motion for Frivolous Defense" (Doc. No. 68), and "Motion to Dismiss Frivolous Defense" (Doc. No. 73); McGuire's objections to the Clerk of Court's order denying McGuire's most recent motions for entry of default (Doc. No. 87); and Defendants Highmark Holdings, Enfield Management, Robbie King, and Glenda Shamwell's first, second, and third motions to strike several of McGuire's filings (Doc. Nos. 69, 80, 84). For the reasons that follow, McGuire's IFP application will be granted; her proposed third amended complaint will be found improperly filed; her frivolous defense motions will be denied; her objections to the Clerk of Court's order denying her motions for entry of default will be overruled; her motion for an extension of time to respond to discovery requests will be granted in part; and the defendants' motions to strike will be denied.

## I. Relevant Background

### A. Factual Background

The Court set out the relevant facts alleged in this action in a prior report and recommendation. (Doc. No. 52.) To summarize those facts, Enfield manages residential properties in Nashville, Tennessee. It employed McGuire as a leasing consultant and assistant manager at two of those properties, Whispering Oaks and Biltmore Place. (Doc. Nos. 1, 29.) McGuire alleges that she observed violations of the Fair Housing Act (FHA) at both properties and that the defendants subsequently terminated her employment because she reported those violations. (Doc. Nos. 1, 29.)

### B. Procedural Background

McGuire initiated this action on October 11, 2019, by filing a form complaint for civil cases and attaching eighty pages of documents, including records from proceedings she initiated against the defendants before the Tennessee Human Rights Commission (THRC). (Doc. No. 1.) The Court granted McGuire's application to proceed IFP and screened her complaint under 28 U.S.C. § 1915(e)(2)(B), liberally construing the complaint's allegations and attachments to find that McGuire had stated colorable claims for retaliation in violation of the FHA and the Tennessee Human Rights Act (THRA). (Doc. No. 7.) The Court later granted the defendants' motion for a more definite statement under Federal Rule of Civil Procedure 12(e) and ordered McGuire to file an amended complaint. (Doc. No. 24.) McGuire filed an amended complaint (Doc. No. 26) and a second amended complaint (Doc. No. 29) that incorporate by reference the factual allegations and information in her original complaint (Doc. No. 1). In addition to her retaliation claims under the FHA and THRA, McGuire's second amended complaint asserts claims for violation of Title VII of the Civil Rights Act of 1964. (Doc. No. 29.)

The defendants moved to dismiss McGuire's second amended complaint under Rule 12(b)(6) for failure to state a claim on which relief can be granted or, in the alternative, for judgment on the pleadings under Rule 12(c). (Doc. No. 41.) The Magistrate Judge recommended denying the defendants' motion with respect to McGuire's FHA and THRA retaliation claims and dismissing McGuire's newly asserted Title VII claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted. (Doc. No. 52.) The Court adopted the report and recommendation over McGuire's objections. (Doc. No. 55.) The Magistrate Judge entered a scheduling order setting the deadline for filing motions to amend the pleadings as November 2, 2021, and the deadline for completing discovery as March 2, 2022. (Doc. No. 56.)

### 1. McGuire's Motion to Proceed *In Forma Pauperis* On Appeal

McGuire filed a notice of appeal regarding the Court's order adopting the Magistrate Judge's report and recommendation. (Doc. No. 59.) She also filed an application to proceed IFP on appeal. (Doc. No. 63.) The Sixth Circuit dismissed her appeal for lack of jurisdiction (Doc. No. 64), but McGuire's IFP application remains pending.

### 2. McGuire's Proposed Third Amended Complaint

On September 15, 2021, McGuire filed a proposed third amended complaint. (Doc. No. 62.) McGuire did not file a motion seeking the Court's leave to amend and did not state that the defendants had consented in writing to her proposed third amended complaint. On November 16, 2021, the defendants filed an answer "in response to the document improperly filed as . . . McGuire's third 'Amended Complaint[.]'" (Doc. No. 65, PageID# 441.) McGuire filed a "reply" to the defendants' answer, arguing that the answer is untimely. (Doc. No. 67.)

### 3. McGuire's Motion for an Extension of Time to Respond to Discovery Requests

On December 28, 2021, McGuire filed a motion for an extension of time to respond to the defendants' interrogatories, "requesting an additional copy of the interrogatories" and stating that she could "have them done in less than 30 days[.]" (Doc. No. 72, PageID# 549.) The defendants filed a response, arguing that "no just cause, much less good cause, exists for the granting of [McGuire's] [m]otion." (Doc. No. 77, PageID# 591, ¶ 22.) Nevertheless, the defendants state that they will "consent to [McGuire's] request for an additional thirty . . . day extension" if McGuire is required to provide her responses to the defendants' interrogatories and requests for production of documents "without any objections or further extensions of time" and ensure that her responses comply with all applicable Federal Rules of Civil Procedure. (*Id.* at PageID# 591–92, ¶ 23.) McGuire filed a reply (Doc. No. 79) and an amended reply (Doc. No. 78) in support of her motion for an extension, stating that "[s]he does not have to have interrogatories sent to" the defendants and "[s]he can[]not build their defense for them . . ." (*id.* at PageID# 642, ¶ 1).

### 4. McGuire's Motions Regarding the Defendants' "Frivolous Defense" Against Her Claims

McGuire has filed three motions regarding what she describes as the defendants' "frivolous defense" against her claims in this action. (Doc. Nos. 66, 68, 73.) Though it is not entirely clear from her filings, McGuire appears to take issue with the defendants' prior arguments in their motion for a more definite statement and motion to dismiss that McGuire's pleadings were difficult to comprehend and failed to state any claims on which relief can be granted. (Doc. Nos. 66, 68, 73.) McGuire appears to seek default judgment against the defendants based on their conduct in this action. (Doc. Nos. 66, 68, 73.) The defendants have moved to strike each of McGuire's motions. (Doc. Nos. 69, 80.)

### 5. McGuire's Objections to the Clerk's Order Denying Her Motions for Entry of Default

McGuire has repeatedly moved for entry of default against the defendants. (Doc. Nos. 40, 74, 75, 82.) The Clerk of Court has denied each motion, explaining that entry of default is inappropriate where, as here, the defendants have expressed a clear intent to defend against the plaintiff's claims. (Doc. No. 50, 86.) McGuire has filed an objection to the Clerk of Court's order denying McGuire's most recent motions for entry of default. (Doc. No. 87.) McGuire argues that the defendants were "46 days past due responding to the [a]mended complaint[,] which put the case in default." (*Id.* at PageID# 711, ¶ 6.) She states that she "called the clerks . . . at the federal building in Nashville, TN and they clearly said when an opposing party does not answer in a timely manner th[e]n they are in default." (*Id.* at PageID# 709, ¶ 2.) McGuire argues that she "do[es] not have to participate in discovery since the[ defendants] refused to respond in a timely manner" (*id.* at PageID# 711, ¶ 7) and further states that she "ha[s] asked the opposing party to not contact [her] anymore" (*id.* at PageID# 709, ¶ 2) and that she "filed a police report" regarding their conduct (*id.* at PageID# 711, ¶ 7). The defendants have not filed a response to McGuire's objection.[1]

### 6. Defendants' Motions to Strike

The defendants have filed motions to strike McGuire's frivolous defense motions (Doc. Nos. 66, 68, 73), her reply to their answer to the proposed third amended complaint (Doc. No. 67), her motions for entry of default (Doc. Nos. 74, 75, 82), her reply and amended reply in support of her motion for an extension of time to respond to discovery requests (Doc. Nos. 78, 79), and her response in opposition to their second motion to strike (Doc. No. 83). (Doc. Nos. 69, 80, 84.) The

---

[1] The defendants have, however, moved for sanctions against McGuire (Doc. No. 88) and mention her objection in their brief supporting that motion as evidence of McGuire's refusal to participate in discovery (Doc. No. 89). The Court will address the defendants' sanctions motion by separate order.

defendants generally argue that McGuire's motions are inappropriate and frivolous and that the Court should revoke permission for McGuire to proceed IFP and impose monetary sanctions against her. (Doc. Nos. 70, 81, 84.) McGuire has responded in opposition to each of the defendants' motions to strike. (Doc. Nos. 71, 83, 85.) She repeats her assertions that the defendants filed an untimely response to her third amended complaint and are therefore in default, and she generally argues that her filings are justified and that the defendants' filings are not. (Doc. Nos. 71, 83, 85.)

II.     Analysis

    A.     McGuire's IFP Application

Federal Rule of Appellate Procedure 24(a)(3) provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless" the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis" or "a statute provides otherwise." Fed. R. App. P. 24(a)(3)(A)–(B). This Court previously granted McGuire's application to proceed IFP in this action. (Doc. No. 8.) The Court has not certified that her appeal was not taken in good faith, has not found that she is otherwise not entitled to proceed in forma pauperis, and finds no statute precludes her from proceeding IFP on appeal. McGuire's application for leave to proceed IFP on appeal (Doc. No. 63) will therefore be granted.

    B.     McGuire's Proposed Third Amended Complaint

McGuire filed a proposed third amended complaint on September 15, 2021. (Doc. No. 62.) Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course within" "21 days after serving it, or" "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the

court's leave." Fed. R. Civ. P. 15(a)(2). McGuire is not entitled to amend her pleading as a matter of course at this stage of the proceedings. The defendants state that they did not consent to McGuire's third amended complaint. (Doc. No. 84.) This Court's Local Rule 15.01(a) requires a plaintiff seeking the Court's leave to amend a pleading to file a motion "[d]escrib[ing] the reasons supporting the proposed amendments and the substance of the amendments sought, and includ[ing] as an appended exhibit the signed proposed amended pleading[.]" M.D. Tenn. R. 15.01(a)(1) (supporting papers). The docket shows that McGuire did not file a motion for leave to amend. McGuire's proposed third amended complaint is therefore improperly filed. The operative pleading in this action remains McGuire's second amended complaint (Doc. No. 29), and the only remaining claims in this action are McGuire's FHA and THRA retaliation claims (Doc. Nos. 52, 55). The Clerk's Office will be directed to change the caption of McGuire's filing to reflect that it is a proposed third amended complaint.

## C. McGuire's Frivolous Defense Motions and Objection to Denial of Default

McGuire has filed a "Motion for Frivolous Defense" (Doc. No. 66), an "Amended Motion for Frivolous Defense" (Doc. No. 68), and "Motion to Dismiss Frivolous Defense" (Doc. No. 73). Neither the Federal Rules nor this Court's Local Rules provide for a "frivolous defense" motion. In substance, McGuire's motions appear to seek entry of default or default judgment against the defendants based on their conduct in this action, but there is no legal basis for the Court to provide McGuire with the relief she seeks.

McGuire has also objected to the Clerk of Court's order denying McGuire's most recent motions for entry of default. (Doc. No. 87.) McGuire argues that the defendants were "46 days past due responding to the [a]mended complaint[,] which put the case in default." (*Id.* at PageID# 711, ¶ 6.) As the Court has explained, however, McGuire's third amended complaint was improperly filed. The defendants were therefore not required to respond to it. Further, as the Clerk

7

Case 3:19-cv-00902   Document 91   Filed 03/11/22   Page 7 of 12 PageID #: 756

of Court has repeatedly explained in denying McGuire's motions, entry of default under Rule 55(a) is not appropriate where, as here, a defendant engages in "[a]cts that show an intent to defend . . . ." Fed. R. Civ. P. 55(a) advisory committee's note to 2007 amendment. McGuire is therefore not entitled to default against the defendants in this action.

Because the defendants are not in default, McGuire's assertion that she is not required to participate in discovery is unfounded. McGuire is required to respond to discovery as provided by the Federal Rules of Civil Procedure and to comply with all of the requirements of those rules and this Court's Local Rules if she wants to pursue her claims.[2] *See, e.g.*, *Jackson v. Dep't of Hum. Servs.*, No. 3:09-0038, 2010 WL 1794121, at *2 (M.D. Tenn. May 5, 2010) ("Even though Plaintiff is proceeding *pro se*, she is required to follow the Federal Rules of Civil Procedure and the Local Rules like any other party represented by counsel.") Additional resources for pro se parties are available on the Court's website.[3]

### D. McGuire's Motion for an Extension of Time to Respond to Discovery Requests

McGuire has asked for additional time to respond to the defendants' interrogatories. (Doc. No. 72.) In light of her pro se status and this Memorandum Order's affirmance that McGuire is not entitled to entry of default and must participate in discovery, the Court will grant McGuire additional time to respond to the defendants' interrogatories. McGuire "must read each interrogatory or question submitted by the Defendants and either answer the question fully in writing under oath, or make an appropriate objection explaining why the question will not be

---

[2] A copy of the Federal Rules of Civil Procedure is available at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. A copy of this Court's Local Rules is available at https://www.tnmd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[3] https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

answered, all as provided in accordance with Federal Rule of Civil Procedure 33." *Jackson*, 2010 WL 1794121, at *2.

If McGuire fails to respond to the defendants' interrogatories appropriately by the deadline set by this Memorandum Order, the defendants may file an appropriate discovery motion.

### E. The Defendants' Motions to Strike

The defendants' motions to strike address McGuire's frivolous defense motions (Doc. Nos. 66, 68, 73), her reply to their answer to the proposed third amended complaint (Doc. No. 67), her motions for entry of default (Doc. Nos. 74, 75, 82), her reply and amended reply in support of her motion for an extension of time to respond to discovery requests (Doc. Nos. 78, 79), and her response in opposition to their second motion to strike (Doc. No. 83). (Doc. Nos. 69, 80, 84.) These motions are largely addressed by the Court's prior findings that it will deny McGuire's frivolous defense motions, that her proposed third amended complaint was improperly filed, that the Clerk of Court has denied McGuire's motions for entry of default, and that McGuire will be afforded some additional time to respond to the defendants' interrogatories.

While the defendants frame their motions as motions to strike, they have not cited Federal Rule of Civil Procedure 12(f) or any other legal authority pertinent to motions to strike.[4] Instead, the defendants argue that the Court should revoke McGuire's authorization to proceed IFP in this

---

[4] Rule 12(f) provides that the Court may, upon a party's motion or sua sponte, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of the motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986)). "Motions to strike are viewed with disfavor and are not frequently granted." *Id.*; *see also Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) ("[T]he action of striking a pleading should be sparingly used by the courts . . . [and] is a drastic remedy to be resorted to only when required for the purposes of justice.").

action under 28 U.S.C. § 1915. (Doc. Nos. 70, 76, 81, 84.) The defendants argue that revocation of McGuire's IFP status is warranted because she "has continued to violate the applicable rules and is acting maliciously or otherwise in bad faith with this litigation" (Doc. No. 70, PageID# 537) and has "demonstra[ted] bad faith in filing . . . frivolous and facetious pleadings in this matter" (Doc. No. 76, PageID# 582). The defendants also argue that this Court has inherent "power 'to assess [attorney's] fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (Doc. No. 81, PageID# 662 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)).

Courts are empowered to revoke IFP status or impose a partial filing fee upon finding that a litigant has abused her IFP status by, for example, making frivolous or malicious filings. *See Brown v. Brown*, No. 90-1370, 1990 WL 200352, *2 (6th Cir. Dec. 12, 1990), *vacated in part on rehearing*, No. 90-1370, 1991 WL 44157, *1 (6th Cir. March 21, 1991); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (finding "history of unsubstantial and vexatious litigation" to be "an abuse of the permission granted to [plaintiff] to proceed as a pauper in good faith under [the IFP statute]"). Courts may also assess attorney's fees "when a party 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" *Chambers*, 501 U.S. at 46 (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)). However, the Supreme Court has cautioned that courts' inherent powers to sanction litigants' conduct in this regard "must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

The defendants argue that McGuire's filings demonstrate "that she has no regard for either the Rules of this Court or the Federal Rules of Civil Procedure . . . ." (Doc. No. 81, PageID# 662.) The Court finds that many of the filings that defendants cite, while concerning, may result from McGuire's misunderstanding of what the Federal Rules and this Court's Local Rules require. The

Court has now clarified that McGuire is not entitled to default and must participate in discovery if she wishes to pursue her claims in this action. The Court therefore will decline to revoke McGuire's IFP status or to assess defendants' attorney's fees to McGuire at this time. However, should McGuire continue to seek default against the defendants, refuse to participate in discovery, or otherwise unduly hinder the progress of the litigation, the Court may revisit this ruling. The defendants' motions to strike will be denied.

**III.    Conclusion**

For these reasons, the Court ORDERS as follows:

McGuire's application for leave to proceed IFP on appeal (Doc. No. 63) is GRANTED;

The Clerk of Court is DIRECTED to change the caption of docket entry 62 to reflect that the document is McGuire's proposed third amended complaint;

McGuire's frivolous defense motions (Doc. Nos. 66, 68, 73) are DENIED;

McGuire's objection (Doc. No. 87) to the Clerk of Court's order denying McGuire's motions for entry of default is OVERRULED;

McGuire's motion for an extension of time to respond to the defendants' interrogatories (Doc. No. 72) is GRANTED IN PART; and

The defendants' motions to strike (Doc. Nos. 69, 80, 84) are DENIED.

McGuire is ORDERED to respond to the defendants' interrogatories by no later than March 31, 2022. McGuire's responses must comply with Federal Rule of Civil Procedure 33.

McGuire is warned that, going forward, failure to participate in discovery or filing of any motion without a proper legal and factual basis may lead to a recommendation that she be sanctioned by the revocation of her IFP status or, if warranted, by other sanctions up to and including the dismissal of this action with prejudice.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge