UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CASSANDRA McGUIRE,<br><br>    Plaintiff,<br><br>v.<br><br>HIGHMARK HOLDINGS et al.,<br><br>    Defendants. | Case No. 3:19-cv-00902<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

Defendants Highmark Holdings, Enfield Management, Robbie King, and Glenda Shamwell's have moved for sanctions to be imposed against pro se and *in forma pauperis* Plaintiff Cassandra McGuire. (Doc. Nos. 88, 97.) Specifically, the defendants argue that the Court should dismiss this action with prejudice under Federal Rules of Civil Procedure 37 and 41(b) because McGuire has refused to participate in discovery and has violated the Court's orders to participate in discovery and to stop filing motions for entry of default against the defendants. (Doc. Nos. 89, 98.) McGuire has responded in opposition to the defendants' first motion for sanctions (Doc. No. 90). For the reasons that follow, the Magistrate Judge will recommend that the defendants' motions for sanctions (Doc. Nos. 88, 97) be granted in part and denied in part and that this action be dismissed with prejudice.

I.      **Relevant Background**

This action arises out of McGuire's employment with Enfield, a company that manages residential properties in Nashville, Tennessee. (Doc. Nos. 1, 29.) Enfield employed McGuire as a leasing consultant and assistant manager at two properties, Whispering Oaks and Biltmore Place.

(Doc. Nos. 1, 29.) McGuire alleges that she observed violations of the Fair Housing Act (FHA), 42 U.S.C. §§ 3601–3619, at both properties and that the defendants subsequently terminated her employment because she reported those violations. (Doc. Nos. 1, 29.) McGuire's remaining claims, which are set forth in her second amended complaint (Doc. No. 29), are for retaliation in violation of the FHA, 42 U.S.C. § 3617, and the Tennessee Human Rights Act (THRA), Tenn. Code Ann. § 4-21-301.[1] (Doc. Nos. 29, 52, 55.)

On March 2, 2022, the defendants filed a motion for sanctions under Federal Rules of Civil Procedure 37 and 41(b), arguing that the Court should dismiss this action with prejudice and assess reasonable costs and attorney's fees against McGuire because she failed to provide adequate responses to their first set of interrogatories and requests for production and refused to appear for her deposition. (Doc. Nos. 88, 89.) The defendants stated that, nearly a year and a half after Enfield served its discovery requests on McGuire, she still had not provided "full, complete and verified responses to" Enfield's first set of interrogatories and "never responded to a single one of" Enfield's first set of requests for production. (Doc. No. 89, PageID# 736.) The defendants also filed an email showing that, five days before the mutually agreed date for her deposition, McGuire emailed defendants' counsel stating that her "[d][e]position is cancelled until further notice. Please do not contact me regarding the matter until you file the correct forms or until it is appealed." (Doc. No. 88-4, PageID# 732.) The defendants further stated that McGuire filed a police report against them and their counsel because of their attempts to communicate with her regarding discovery. (Doc. No. 89 (citing Doc. No. 87).) McGuire responded in opposition to the defendants' motion for sanctions, asserting that she had answered the defendants' interrogatories and arguing

---

[1] The Court dismissed McGuire's claim brought under Title VII of the Civil Rights Act of 1964. (Doc. Nos. 52, 55.)

that the defendants were in default because they did not file a timely response to her proposed third amended complaint. (Doc. No. 90.) McGuire did not dispute the defendants' assertions that she had not responded to their requests for production, had unilaterally cancelled her deposition, and had filed a police report against them.

On March 11, 2022, the Court issued an order addressing several pending pleadings and motions filed by the parties, including McGuire's proposed third amended complaint (Doc. No. 62); her motion for an extension of time to respond to the defendants' discovery requests (Doc. No. 72); her motions regarding the defendants' "frivolous defense" against her claims (Doc. Nos. 66, 68, 73); her objections to the Clerk of Court's order denying her latest motions for entry of default (Doc. No. 87); and the defendants' motions to strike several of McGuire's filings, revoke her authorization to proceed *in forma pauperis* (IFP), and assess attorney's fees against her (Doc. Nos. 69, 80, 84). (Doc. No. 91.) The Court found that McGuire's proposed third amended complaint was improperly filed, denied her "frivolous defense" motions, and overruled her objections to the Clerk of Court's order denying entry of default, explaining why McGuire is not entitled to default against the defendants in this action. (*Id.*) The Court further informed McGuire that she was "required to respond to discovery as provided by the Federal Rules of Civil Procedure and to comply with all of the requirements of those rules and this Court's Local Rules if she wants to pursue her claims." (*Id.* at PageID# 757.) The Court granted McGuire's motion for an extension of time to respond to the defendants' discovery requests and ordered that she "must read each interrogatory or question . . . and either answer the question fully in writing under oath, or make an appropriate objection explaining why the question will not be answered, all as provided in accordance with Federal Rule of Civil Procedure 33." (*Id.* at PageID# 757–58 (quoting *Jackson v. Dep't of Hum. Servs.*, Civ. No. 3:09-0038, 2010 WL 1794121, at *2 (M.D. Tenn. May 5, 2010).)

The Court denied the defendants' motions to strike, finding "that many of [McGuire's] filings that defendants cite, while concerning, may result from McGuire's misunderstanding of what the Federal Rules and this Court's Local Rules require" and that "[t]he Court has now clarified that McGuire is not entitled to default and must participate in discovery if she wishes to pursue her claims in this action." (*Id.* at PageID# 759, 760.) The Court warned McGuire that, "should [she] continue to seek default against the defendants, refuse to participate in discovery, or otherwise unduly hinder the progress of the litigation, the Court may revisit" the propriety of sanctions. (*Id.* at PageID# 760.) Specifically, the Court warned McGuire "that, going forward, failure to participate in discovery or filing of any motion without a proper legal and factual basis may lead to a recommendation that she be sanctioned by the revocation of her IFP status or, if warranted, by other sanctions up to and including the dismissal of this action with prejudice." (*Id.* at PageID# 761.)

In the weeks following the Court's order, McGuire filed a motion to "extend the trial date indefinitely" "[d]ue to the ongoing conflict and unethical behaviors of the defendants['] attorneys" (Doc. No. 92, PageID# 763, ¶ 2); a notice of "issues to be resolved by the courts" asserting that "the lingering reality of default by untimely answers still weighs heavy in this case" (Doc. No. 93, PageID# 771, ¶ 1); a motion repeating her assertion that the defendants are in default because they did not file a timely response to her proposed third amended complaint and arguing that it is "not the plaintiff[']s job to provide strict proof, it[']s the defendants job to provide that" (Doc. No. 94, PageID# 829, ¶ 11.3); and a motion asking the Court to enter default judgment against the defendants under Rule 37 as a sanction for their conduct related to rescheduling her deposition (Doc. No. 95).

4

The defendants filed a renewed motion for sanctions, arguing that McGuire had failed to amend her responses to their interrogatories, refused to respond to their requests for production, refused to appear for an in-person deposition, and continued to seek entry of default against them in violation of the Court's March 11, 2022 order. (Doc. Nos. 97, 98.) In support, the defendants attached copies of their correspondence with McGuire about her interrogatory responses, the defendants' requests for production, and rescheduling her deposition. (Doc. Nos. 97-1–97-4.) McGuire did not file a response in opposition to the defendants' renewed motion for sanctions; instead, she filed a motion for default judgment under Rule 55(b) (Doc. No. 100) and two motions for sanctions asking the Court to enter default judgment against the defendants (Doc. Nos. 108, 109). The defendants' responded in opposition to McGuire's motions, reiterating their arguments that the Court should dismiss this action under Rules 37 and 41(b) as a sanction for McGuire's continued refusal to cooperate in discovery and obey the Court's orders. (Doc. Nos. 101, 110.) McGuire filed replies in support of her motions, arguing that her third amended complaint was properly filed, that she has complied with the Federal Rules of Civil Procedure regarding discovery, and that her motions for default are supported by law. (Doc. Nos. 107, 112.)

**II.     Legal Standard**

Federal Rules of Civil Procedure 37 and 41(b) provide district courts with express power to dismiss a complaint. Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b). Rule 37 authorizes a court to dismiss a lawsuit "[i]f a party . . . fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A), or otherwise fails to cooperate in discovery, including failing to respond to interrogatories and failing to appear for the party's own deposition, Fed. R. Civ. P. 37(d)(1)(A)(i)–(ii), (d)(3). Dismissal under Rule 37 "accomplishes the dual purpose of punishing the offending party and deterring similar litigants from misconduct in the future." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). Rule 41(b) "confers on district courts the authority to dismiss an action

for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)). Dismissal under Rule 41(b) is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 37 or 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)); *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363. (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *Universal Health Grp.*, 703 F.3d at 956 ("Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002))); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))).

The Sixth Circuit reviews a district court's dismissal of an action under Rule 37 or 41(b) for abuse of discretion. *See Schafer*, 529 F.3d at 736 (affording district courts "'substantial discretion" with respect to Rule 41(b) dismissals (quoting *Knoll*, 176 F.3d at 363)); *Universal*

*Health Grp.*, 703 F.3d at 955 (reviewing district court's dismissal under Rule 37(b)(2) "for an abuse of discretion").

### III. Analysis

Dismissal of this action with prejudice is appropriate under Rule 37 and 41(b) because consideration of the four relevant factors shows a record of delay and contumacious conduct by McGuire.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). McGuire has engaged in multiple acts that fall under this definition. The record shows that McGuire has continued to seek default judgment against the defendants repeatedly (Doc. Nos. 92–95, 100, 108, 109) despite this Court's orders finding that she is not entitled to it, explaining that finding to her, and warning her that continuing to seek default could result in sanctions (Doc. Nos. 50, 86, 91). Despite receiving an extension of time to supplement her inadequate responses to the defendants' discovery requests and being instructed by the Court and the defendants that her interrogatory responses must be provided under oath in accordance with Rule 33 (Doc. Nos. 91, 97-2), McGuire simply returned her original unsworn interrogatory responses to the defendants (Doc. No. 93-1). McGuire has not responded to the defendants' requests for production, and McGuire has not agreed to a rescheduled date for the defendants to take the deposition that she cancelled unilaterally.

McGuire's continued motions for default and her repeated refusals to cooperate in discovery demonstrate bad faith, willfulness, or fault for purposes of Rule 37 and 41(b). *See, e.g., Collins v. Waste Mgmt. of Ky. Holdings, Inc.*, Civ. No. 06-175, 2008 WL 2794661, at *4 (E.D.

Ky. July 18, 2008) (finding that plaintiff's repeated disregard of court's orders demonstrated "willfulness, bad faith, and fault under the first factor [of the Rule 41(b) analysis] because Plaintiff's conduct can only be interpreted either as an intent to thwart the proceedings of this case or a reckless disregard for the effect of his conduct on the case"); *Dickey v. Chagrin Tavern LLC*, No. 1:21-CV-00733, 2022 WL 597260, at *3 (N.D. Ohio Feb. 28, 2022) (finding that pro se plaintiff's repeated refusal to participate in discovery, including failure to respond to discovery requests and to schedule a deposition, weighed in favor of Rule 37 dismissal). This factor therefore weighs in favor of dismissal.

B.     **Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who

answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, the record shows that the defendants repeatedly contacted McGuire over the course of nearly two years to help facilitate her discovery responses and to schedule her deposition, prepared for McGuire's deposition before she cancelled it a few days before it was set to be held, and have had to defend against McGuire's repeated motions for default. The Court finds that the defendants have been prejudiced by McGuire's conduct and that the second factor weighs in favor of dismissal. *See Carpenter*, 723 F.3d at 707; *Harmon*, 110 F.3d at 368.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the analysis under Rule 37 and 41(b). *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615); *Alley v. Vital One Health Plan*, No. 2:15-cv-00035, 2016 WL 616346, at *3 (M.D. Tenn. Feb. 16, 2016) (finding that prior notice "is a key consideration" under Rule 37). The Court warned McGuire that her "failure to participate in discovery or filing of any motion without a proper legal and factual basis may lead to a recommendation that she be sanctioned by . . . the dismissal of this action with prejudice" in its March 11, 2022 order. (Doc. No. 91, PageID# 761.) The third factor therefore weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The defendants request that the Court dismiss this action with prejudice and order McGuire to reimburse their reasonable costs and attorney's fees. (Doc. Nos. 89, 98.) The harsh sanction of dismissal with prejudice is appropriate here. When "[p]resented with a record of sufficiently egregious conduct, . . . a district court has not abused its discretion by ordering dismissal as the first and only sanction." *Harmon*, 110 F.3d at 369; *see also Williams v. Select Specialty Hosp. Nashville, Inc.*, Civ. No. 3:08-1007, 2010 WL 93103, at *3 (M.D. Tenn. Jan. 7, 2010) (adopting

report and recommendation and dismissing action "with prejudice due to the plaintiffs' willfulness and fault in failing to engage in discovery and in disregarding the Court's orders" "and the needless expenditure of resources by both the Court and the defendant caused by the plaintiffs' conduct"). McGuire has prevented this litigation from moving forward by refusing to provide full sworn responses to the defendants' discovery requests despite ample time and this Court's order that she do so. She readily admits that she has refused to appear for a deposition and has taken the egregiously improper step of filing police reports against the defendants and their counsel for trying to obtain the discovery responses to which they were entitled. And, throughout, she has continued to file motions seeking default judgment against the defendants despite the Court's orders informing her that there is no legal or factual basis to support it. McGuire's willful frustration of the defendants' attempts to defend against her claims and her disregard for the Court's orders and the progress of the litigation demonstrate that dismissal with prejudice is appropriate.

The additional sanction of awarding defendants their costs and attorney's fees is not warranted. Dismissal of this action with prejudice under Rules 37 and 41(b) is sufficient to address McGuire's dilatory conduct. Although the Federal Rules of Civil Procedure require that a party who is sanctioned for failure to obey a discovery or other pretrial order pay the reasonable expenses, including attorney's fees, caused by that failure, the rules create an exception if the failure "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2), 37(b)(2)(C), (d)(3). Because McGuire proceeds *in forma pauperis* based on her demonstrated lack of financial resources (Doc. Nos. 2, 8), the Court finds that a further financial would be unjust and likely futile. *See, e.g.*, *Gonzalez v. Jones*, No. 2:15-cv-2448, 2021 WL 307564, at *7 (E.D. Cal. Jan. 29, 2021) (finding that "award of attorney's fees and monetary

10

Case 3:19-cv-00902   Document 113   Filed 09/15/22   Page 10 of 11 PageID #: 1109

sanctions" against pro se and *in forma pauperis* plaintiff "would be manifestly unjust—not to mention uncollectable"), *report and recommendation adopted by* 2021 WL 1060234 (E.D. Cal. Mar. 18, 2021); *Sullivan v. Martin Sprocket & Gear, Inc.*, No. 1:08-CV-02324, 2009 WL 10670644, at *2 (N.D. Ga. Apr. 3, 2009) (finding that award of costs and attorney's fees against pro se and *in forma pauperis* plaintiff would be unjust).

### IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that the defendants' motions for sanctions (Doc. Nos. 88, 97) be GRANTED IN PART and DENIED IN PART, that this action be DIMISSED WITH PREJUDICE under Rule 37 and 41(b), and that all other pending motions be TERMINATED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 15th day of September, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge