IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CASSANDRA McGUIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:19-cv-00902 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| HIGHMARK HOLDINGS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is a Report and Recommendation (Doc. No. 113, "R&R") from the Magistrate Judge recommending that the Court grant Defendants' motions for sanctions (Doc. Nos. 88, 97), which seek dismissal of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 37 and 41(b) on the grounds that Plaintiff refused to participate in discovery and filed multiple unmeritorious motions for entry of default against Defendants, even after being instructed by the Magistrate Judge to not do so. Plaintiff filed a timely objection to the R&R. (Doc. No. 114).

**LEGAL STANDARD**

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an

objection is made. Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2 (internal citations and quotation marks omitted). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

## **DISCUSSION**

Plaintiff filed a 35-page objection to the Magistrate Judge's R&R. However, the only times the R&R is mentioned in Plaintiff's objection is in the introduction, in which Plaintiff baldly asserts (without any explanation) that the R&R is "unconstitutional," is "biased," and "lacks jurisdiction." (Doc. No. 114 at 1). The Court need not review such a vague (not to mention unsupported) objection. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The substance of Plaintiff's objection consists of nothing more than general assertions of legal principles that are

not directed to any specific portion of the R&R, (purported) quotation of various rules of civil procedure that are not directed to any specific portion of the R&R, mere disagreement with the conclusion that she was not compliant during the discovery process, and arguments that are identical to ones raised in her response to the motions for sanctions and were reviewed by the Magistrate Judge. "[A]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *J.A. v. Smith Cty. Sch. Dist.*, 364 F. Supp. 3d 803, 812 (M.D. Tenn. 2019) (Crenshaw, J.) (citation omitted). Thus, Plaintiff does not meaningfully object to the R&R.

Nevertheless, out of an abundance of caution the Court has reviewed the R&R de novo and finds no error in the Magistrate Judge's thorough analysis. Accordingly, the objection will be overruled.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, Plaintiff's Objection, and the file. For the reasons discussed herein, Plaintiff's objections are overruled, and the Report and Recommendation is adopted and approved. Defendants' motions for sanctions (Doc. Nos. 88, 97) are GRANTED and Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE** pursuant to Federal Rules of Civil Procedure 37 and 41(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE